IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY M.,[1]                                )
                                             )
        Plaintiff,                           )
                                             )         No. 25-cv-4467
v.                                           )
                                             )         Magistrate Judge Laura K. McNally
                                             )
FRANK BISIGNANO,                             )
Commissioner of                              )
Social Security,[2]                          )
                                             )
        Defendant.                           )

ORDER[3]

Before the Court is Plaintiff Sidney M's memorandum in support of reversing the

Administrative Law Judge's ("ALJ") decision denying his disability benefits application

(Dkt. 16: Pl. Mem. in Supp. of Summary Remand, "Pl. Mem."), and Defendant's

memorandum in support of summary judgment (Dkt. 17: Def. Mem. in Supp. of Mot.

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On May 1, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 10).

for Summ. J., "Def. Mem."), and Plaintiff's reply (Dkt. 18: Plaintiff's Reply Brief, "Pl. Reply").

I.    Procedural History

Plaintiff applied for supplemental security income and disability insurance benefits on April 5, 2018, alleging disability beginning on February 1, 2016 due to Asperger's syndrome, severe post-traumatic stress disorder ("PTSD"), generalized anxiety disorder, major depressive disorder, and bipolar disorder. (R. 20, 199, 218.) Plaintiff's date last insured was March 31, 2018. (R. 881.) On March 6, 2020 ALJ Edward Studzinski found Plaintiff not disabled and after Plaintiff appealed, Magistrate Judge Sheila Finnegan remanded the case, in part because the ALJ did not consider whether Plaintiff's mental impairments impacted her ability to comply with treatment. (R. 976-991).

ALJ Studinski held a second telephonic hearing on November 8, 2023 (R. 909-49) and on March 13, 2024 issued a written decision denying Plaintiff's application and finding her not disabled under the Social Security Act.[4]  (R. 880-901). This appeal followed. For the reasons discussed below, Plaintiff's motion for remand is granted.

---

[4] The Appeals Council subsequently refused to assume jurisdiction of the ALJ's decision (R. 866-72), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

**II.** The ALJ Decision

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (R. 883.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of a personality disorder, depression, and anxiety). (*Id.*)

At Step Three, the ALJ found that Plaintiff did not meet or equal any Listing. (*Id.*) Because Plaintiff 's claimed impairments are mental impairments, the ALJ evaluated their severity and whether they met a Listing against the four "Paragraph B" functional areas as required in the regulations. The ALJ found that Plaintiff had moderate limitations in all four functional areas: understanding, remembering, and applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting and managing herself. (*Id.*)

Next, the ALJ found that Plaintiff also did meet the "Paragraph C" criteria, stating that:

> In order to meet the level of severity described in Section I2.04C/I2.06C. the claimant must have a medically documented history of a chronic affective/organic mental disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms or signs. This disorder must be currently attenuated by medical or psychosocial support and one of the following: (1) repeated episodes of decompensation each of extended duration; or (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to

decompensate; or (3) a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. In this case, the record fails to document the existence of any of these three criteria.

(R. 885.)

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, and had additional nonexertional limitations:

[L]imited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and she should avoid concentrated exposure to unguarded hazardous machinery. The claimant can understand, remember, and carry out simple instructions. The claimant can use judgment to make simple work-related decisions. The claimant can tolerate occasional interactions with supervisors and coworkers. The claimant can tolerate no interactions with the general public. The claimant cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas. The claimant can deal with occasional changes in a routine work setting.

(*Id.*)

At Step Four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a retail sales clerk. (R. 900.) At Step Five the ALJ found that there were jobs that existed in the national economy Plaintiff could perform, including warehouse worker, dishwasher, and janitor. (R. 901.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (*Id.*)

III.    Legal Standard

4

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five "steps" in order: (1) Is the claimant engaging in substantial gainful activity? (2) Does the plaintiff have a severe impairment or combination of impairments? (3) Does the claimant's impairment(s) meet or medically equal one of the impairments listed in the regulations? (4) Is the claimant able to perform his past relevant work? and (5) Is the claimant able to adjust to any other work? 20 C.F.R. § 404.1520(a)(4). Between Steps Three and Four, the ALJ determines the claimant's RFC, which is defined as the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

If the claimant is engaging in substantial gainful activity under Step One, does not have an impairment or combination of impairments as described at Step Two, can perform past relevant work under Step Four, or can adjust to other work under Step Five, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), (ii), (iv), (v). If the claimant has an impairment that meets or equals the requirements of Step Three or is incapable of adjusting to other work under Step Five, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii),(v). The claimant has the burden of proof at

Steps One through Four. *Mandrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022). At Step Five, the burden shifts to the Commissioner. *Id.*

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit stated, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit has further clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning

6

underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The

district court's review of the ALJ's opinion "will not reweigh the evidence, resolve

debatable evidentiary conflicts, determine credibility, or substitute its judgment for the

ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal

quotations omitted).

IV.     Analysis

The crux of Plaintiff's argument for remand is that the ALJ erred in finding she

did not meet Listing 12.04. (Pl. Mem. at 3.) The criteria for this listing consists of three

paragraphs designated A, B, and C. 20 C.F.R. 404 Subpart P, Appendix 1 § 12.00(A)(2).

In order to satisfy Listing 12.04, a claimant's mental must satisfy the criteria of

paragraph A and the criteria of either paragraph B *or* C. *Id.* Plaintiff's compliance with

Paragraph A is not at issue here. Instead, Plaintiff contends that she satisfied both the

Paragraph B and Paragraph C criteria and that the ALJ failed to consider all of the

relevant evidence before determining that she did not meet a Listing.

After considering the parties' arguments, the Court holds that the ALJ did not

support with substantial evidence his determination that Plaintiff did not meet the

Paragraph C criteria.[5] While this does not mean that Plaintiff definitively does meet a

---

[5] Because the Court is remanding based on the ALJ's failures with respect to the Paragraph C criteria, it does not address Plaintiff's arguments about Paragraph B.

Listing, the Court is unable to trace the ALJ's reasoning for his decision about Paragraph C. Therefore, it must remand for further consideration of the issue.

Social Security regulations explain that Paragraph C provides the criteria used to evaluate "serious and persistent mental disorders." https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_00G2b *visited on* May 19, 2026. To meet Paragraph C of Listing 12.04, a claimant must show (1) that there is a medically documented history of the existence of the disorder over a period of at least 2 years; (2) "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder; <u>and</u> (3) marginal adjustment, that is, that the claimant has minimal capacity to adapt to changes in their environment or to demands that are not already part of their daily life. SSA Listing 12.04, https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_04 *visited on* May 19, 2026. (emphasis in original.)

"In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Wilder v. Kijakazi*, 22 F.4th 644, 652 (7th Cir. 2022) (citing *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). In this case, the Court concludes that the ALJ's evaluation of the Paragraph C does not clear this very low bar.

As an initial matter, the ALJ's consideration of whether claimant meets Paragraph C is erroneous because he cited to outdated standards. The ALJ asserts that Plaintiff must prove each of "three criteria": repeated episodes of decompensation, marginal adjustment that is predicted to cause decompensation, and the claimant's need to live in a highly supportive environment. But as set forth above, current SSA regulations, which went into effect January 17, 2017,[6] have eliminated decompensation as a factor under Paragraph C, and also no longer require a highly supportive living arrangement.

The Court is unable to evaluate the ALJ's conclusion that Plaintiff "fails to document the existence of any of these three criteria" because the criteria he cited is no longer in effect. That error alone is sufficient to support remand for lack of substantial evidence. *Kavadius v. Barnhart*, 306 F. Supp. 2d 804, 813 (N.D. Ill. 2004) (citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)) ("[b]y failing to discuss this evidence in light of the listing's analytical framework, 'the ALJ has left this court with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing.' "); *Deal v. Barnhart*, 2003 WL 22247185, at *18 (N.D. Ill. Sept. 30, 2003) ("unwilling to find that the ALJ's finding is supported by substantial evidence when he did not address the evidence in light of the relevant listing.")

---

[6] https://www.gpo.gov/fdsys/pkg/FR-2016-09-26/pdf/2016-22908.pdf. *Visited on* May 19, 2026.

The Court acknowledges that neither party identified the ALJ's error. Instead, their arguments concerned whether or not the evidence met the current Paragraph C standards. But even if the ALJ had cited the correct standards, the Court agrees that the ALJ's analysis was perfunctory and provided no evaluation of the individual paragraph C criteria. By merely referring to the evidence discussed in the entire opinion, the ALJ offers no explanation of how the paragraph C criteria were not met based on the evidence cited. *Sheralyn B. v. Kijakazi*, No. 3:22-CV-50280, 2023 WL 6290588, at *4 (N.D. Ill. Sept. 27, 2023), *citing Lowe v. Saul*, 218CV00428JVBSLC, 2020 WL 439413, at *4 (N.D. Ind. Jan. 9, 2020), *report and recommendation adopted sub nom. Kathleen L. v. Saul*, 2:18-CV-428-JVB-SLC, 2020 WL 439980 (N.D. Ind. Jan. 28, 2020) ("While the Court does not find that the medical record indicates that Lowe meets or equals listing 12.06, the Court cannot conduct meaningful review where the ALJ fails to discuss or analyze the 'paragraph C' criteria when the evidence suggests it is possible that Lowe met the criteria.").

For example, the ALJ referenced Plaintiff's inconsistent compliance with treatment and noted Plaintiff's improvement when she complied with treatment. (R. 889, 891.) Yet the ALJ did not take the next step and address whether Plaintiff's mental impairments prevented her from adhering to a treatment plan.

The current Paragraph C criteria specifically explains that if inconsistent treatment is a feature of the claimant's mental disorder and has led to an exacerbation of

10

symptoms and signs, the SSA will not use it as evidence to support a finding that the claimant has not received ongoing medical treatment as required by Paragraph C. https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_00G2b *visited on* May 19, 2026. Given that the ALJ was evaluating Plaintiff's treatment history and compliance with treatment against the wrong standard, his reliance on Plaintiff's failure to comply with treatment is not substantial evidence that she did not meet Paragraph C.

This is but one example. The Court concludes it has no choice but to again remand Plaintiff's case. The ALJ is directed to apply the current regulations and then engage in a sufficiently detailed analysis as to each element required for the Listing analysis.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's request for remand (Dkt. 16) and denies Defendant's response in opposition. (Dkt. 17.)

SO ORDERED.

ENTER:

_____
LAURA K. MCNALLY
United States Magistrate Judge

DATED: May 20, 2026

11